FILED

13 MAY 10 AM 10:08

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY M/ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SCOTT,<br><br>　　　　　　　Plaintiff,<br>vs.<br>HOMER, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 12cv2264-WQH-JMA<br><br>ORDER |

HAYES, Judge:

　　The matters before the Court are the Motion to Set Aside Entry of Default filed by Defendant S. Vasquez (ECF No. 36), and the Motion for Default Judgment filed by Plaintiff Donnie Scott (ECF No. 42).

I.　**Background**

　　On September 17, 2012, Plaintiff, a state prisoner proceeding pro se, filed a Complaint in this Court against eight Defendants alleging claims pursuant to 42 U.S.C. § 1983. (ECF No. 1).

　　On October 15, 2012, the Court granted Plaintiff's motion to proceed in forma pauperis and ordered the U.S. Marshal to effect service of the Complaint upon the Defendants. (ECF No. 5). On December 12, 2012, a return of service was filed indicating that Defendant Vasquez was personally served on December 10, 2012. (ECF No. 9).

　　On January 18, 2013, Plaintiff filed a request for entry of default against Vasquez.

(ECF No. 17). On January 18, 2013, the Clerk entered default against Vasquez, and this entry of default was filed on February 13, 2013. (ECF No. 30).

On February 25, 2013, Vasquez filed a Motion to Set Aside Entry of Default, accompanied by two declarations and exhibits. (ECF Nos. 35, 36).

On February 27, 2013, Plaintiff filed an Amended Complaint. (ECF No. 39).

On March 1, 2013, Plaintiff filed a Motion for Default Judgment against Vasquez, accompanied by a declaration. (ECF No. 42). On March 13, 2013, Vasquez filed an opposition to the Motion for Default Judgment. (ECF No. 46).

On March 26, 2013, Plaintiff filed an opposition to the Motion to Set Aside Entry of Default, accompanied by a declaration and exhibits. (ECF No. 47). On April 4, 2013, Vasquez filed a reply in support of his Motion to Set Aside Entry of Default. (ECF No. 48).

## II. Discussion

Vasquez contends that good cause exists to set aside the Clerk's entry of default against him. Vasquez submits a declaration stating that he ceased working for the California Department of Corrections ("CDCR") in September 2012, and when he was served in December 2012, he "was not aware of the fact that an employee of the CDCR could be sued, and would need to appear in the lawsuit, even after they had ceased working for the CDCR." (ECF No. 35-2 at 2). Vasquez states that he "also believed that if a response from me to [Plaintiff]'s complaint was needed, a representative from the CDCR would first contact me about the lawsuit." *Id.* Vasquez contends that he has meritorious defenses to each of Plaintiff's claims, and setting aside the entry of default will not prejudice Plaintiff.

Plaintiff contends that good cause does not exist to set aside the entry of default against Vasquez, and instead the Court should enter default judgment against Vasquez. Plaintiff contends that Vasquez received actual notice of the lawsuit and therefore his conduct is culpable. Plaintiff contends that none of Vasquez's asserted defenses are meritorious.

"Pursuant to Rule 55(c), a district court may set aside the entry of default upon a showing of good cause." *Brandt v. Am. Bankers Ins. Co. of Fl.*, 653 F.3d 1108, 1111 (9th Cir. 2011); *see also* Fed. R. Civ. P. 55(c). Three factors govern the inquiry into "good cause" under Rule 55(c): "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt*, 653 F.3d at 1111 (quotation omitted). A district "court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (citation omitted); *see also id.* ("Where timely relief is sought from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits.") (quotation omitted).

The Court finds that Plaintiff will not be prejudiced by setting aside the entry of default against Vasquez. Plaintiff recently filed an Amended Complaint, and the case against the other Defendants remains in its early stages. There is no indication that setting aside the entry of default will hinder Plaintiff's ability to pursue his claim. *Cf. TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("To be prejudicial, the setting aside of a [default] judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered.") (quotation omitted). Having reviewed the Amended Complaint and the submissions of the parties, the Court finds that Vasquez has made a sufficient showing of the possibility of having meritorious defenses to favor setting aside the entry of default. Finally, to the extent Vasquez's failure to timely respond to the Complaint was the result of culpable conduct, the Court finds that this factor is outweighed by the other factors favoring setting aside the entry of default. *Cf. Brandt*, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not."). The Court finds that Vasquez has demonstrated that good cause exists for setting

aside the entry of default. For the same reasons, the Court finds that the Motion for Default Judgment should be denied. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. Conclusion

IT IS HEREBY ORDERED that the Motion to Set Aside Entry of Default is GRANTED. (ECF No. 36). Pursuant to Federal Rule of Civil Procedure 55(c), the Clerk's entry of default (ECF No. 30) is set aside. The Motion for Default Judgment is DENIED. (ECF No. 42). Vasquez shall file an answer or otherwise respond to the Amended Complaint within the time allotted by the applicable rules.

Dated: 5/10/13

HON. WILLIAM Q. HAYES
United States District Court Judge