UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SCOTT,<br>CDCR #P-20828,<br><br>                    Plaintiff,<br><br>vs.<br><br>HOMER; S. VASQUEZ; MARTINEZ; A. PITTMAN; E. BENYARD; JOHN DOE; WALKER; D. PARAMO; CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION,<br><br>                    Defendants. | Civil No.  12cv2264 WQH (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b); and**<br><br>**(2) DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>[ECF Nos. 44, 53] |

## I.

### PROCEDURAL BACKGROUND

Donnie Scott ("Plaintiff"), a prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, proceeding pro se and *in forma pauperis,* filed this civil rights action pursuant to 42 U.S.C. § 1983 on

September 17, 2012. Currently, Plaintiff is proceeding with his Second Amended Complaint ("SAC") which was filed on February 27, 2013. [ECF No. 39.]

Defendants Benyard, Walker, Homer, Pittman, Paramo, Martinez and the California Department of Corrections and Rehabilitation ("CDCR") filed a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b).[1] [ECF No. 44.] On March 13, 2013, Defendant Vasquez filed a joinder to the Defendants' Motion. [ECF No. 45.] Plaintiff has filed an Opposition to which Defendants have filed a Reply. [ECF Nos. 49, 50.] The Court has determined that Defendants' Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Jan M. Adler is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### FACTUAL ALLEGATIONS

On December 1, 2010, Plaintiff was transferred from Centinela State Prison ("CEN") to the Richard J. Donovan Correctional Facility ("RJD"). (*See* SAC at 3.) Plaintiff had been classified at CEN as a participant in a disability placement program "restricting plaintiff from upper bunk, upper terrain, and authorizing use of cane." (*Id.*) Plaintiff alleges that he has a "documented history of serious chronic back conditions." (*Id.*) On June 11, 2012, Corrections Officer Orrosco provided a memo to Correctional Officers Hernandez and Estardian[2] informing them to move Plaintiff to an "upper bunk while placing another inmate in plaintiff's lower tier bottom bunk." (*Id.*)

Plaintiff informed the Third Watch Sergeant Perez that he was a participant in the disability placement program and Sergeant Perez then verified Plaintiff's disability. (*Id.* at 4.) As a result, Correctional Officers Hernandez and Estardian moved Plaintiff to a

---

[1] The Court takes judicial notice that Defendants have provided Plaintiff notice of his opportunity to develop a record and to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies as were available to him prior to filing suit as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). [ECF No. 44-6.]

[2] Correctional Officers Orrosco, Hernandez and Estardian are not named as Defendants in this action.

cell with a bottom bunk on a lower tier. (*Id.*) Two days later, Plaintiff alleges Defendant Vasquez "tossed" his cell and told Plaintiff that he would "be moving again in a couple of days." (*Id.*) On June 15, 2012, Defendant Vasquez "took the plaintiff's lower tier-bottom bunk" but promised him he would move him back the next day. (*Id.*) When Plaintiff followed up with Vasquez the following day, Plaintiff claims Vasquez "got upset" and "locked the plaintiff up in Ad-Seg [administrative segregation]." (*Id.*) Plaintiff was then issued a serious rules violation report for refusing a housing assignment. (*Id.*)

Plaintiff alleges he informed Vasquez that Sergeant Perez had already confirmed Plaintiff's disability, to which he claims Vasquez responded by saying "Sergeant Perez did not know nothing!" (*Id.*) Plaintiff alleges that Defendant Pittman is the supervisor of Defendant Vasquez but refused to intervene. (*Id.*) Plaintiff alleges that Defendant Pittman "did nothing about staff taking away plaintiff's cane and handcuffing the plaintiff's hands behind his back." (*Id.*) Plaintiff alleges Defendant Martinez was the officer in charge of housing Ad-Seg and placed him in an upper bunk despite of the fact that Defendant Martinez was aware of Plaintiff's disability. (*Id.* at 5.)

On June 18, 2012, Defendant Benyard held a hearing relating to Plaintiff's serious rules violation report and told Plaintiff that he would move Plaintiff to general population. (*Id.*) Plaintiff alleges that Defendant Benyard told Plaintiff that he was "playing games" and he would assign him to an upper bunk and "take away his cane." (*Id.*)

On June 21, 2012, the classification committee for Ad-Seg convened and Defendant Paramo, the Warden for RJD, informed Plaintiff that he would need to "update" his chrono in order to be housed in a lower tier, lower bunk cell. (*Id.*) Plaintiff explained that this is unnecessary as he had a form that demonstrated his disabilities. (*Id.*) Plaintiff alleges that Defendant Paramo "threatened to move the plaintiff" to a top bunk on a top tier. (*Id.*) Plaintiff alleges that a physician and classification committee member "interjected that the plaintiff's CDC 1845 chrono was permanent" and Plaintiff's

1  claims were legitimate. (*Id.* at 6.) Plaintiff alleges that Defendant Paramo "continued
2  to try and persuade the plaintiff into accepting an upper bunk housing assignment." (*Id.*)
3  Defendant Paramo told Plaintiff that if he continued to refuse his housing assignment,
4  he would receive another rules violation report. (*Id.*)

5  Plaintiff remained in Ad-Seg housed in a top tier following the hearing before the
6  classification committee. (*Id.*) On June 21, 2012, Defendant Homer, whom Plaintiff
7  alleges is the correctional counselor in charge of assisting inmates under the Americans
8  with Disabilities Act ("ADA"), came to Plaintiff's cell in Ad-Seg "instructing the
9  plaintiff to cooperate with staff." (*Id.*) A few days later on June 28, 2012, Defendant
10 Paramo decided to "temporarily place" Plaintiff in a lower tier, lower bunk cell "pending
11 medical re-evaluation." (*Id.*) Plaintiff was later found "not guilty" of refusing a housing
12 assignment. (*Id.*)

### III.

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)

15 Defendants move to dismiss the entirety of Plaintiff's Second Amended Complaint
16 on the grounds that it should be dismissed for failing to exhaust available administrative
17 remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

**A. Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)**

19 Defendants contends that Plaintiff failed to exhaust available administrative
20 remedies as to the claims against them pursuant to 42 U.S.C. § 1997e(a) before bringing
21 this suit, therefore, Defendants seek dismissal under the "non-enumerated" provisions
22 of FED.R.CIV.P. 12(b). The Ninth Circuit has held that "failure to exhaust nonjudicial
23 remedies is a matter of abatement" not going to the merits of the case and is properly
24 raised pursuant to a motion to dismiss, including a non-enumerated motion under
25 FED.R.CIV.P. 12(b). *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Non-
26 exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an
27 affirmative defense which defendant prison officials have the burden of raising and
28 proving. *See Jones v. Bock*, 594 U.S. 199, 216 (2007); *Wyatt*, 315 F.3d at 1119.

1  However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to
2  exhaust nonjudicial remedies, the court may look beyond the pleadings and decide
3  disputed issues of fact." *Wyatt*, F.3d at 1120.

### B.    Exhaustion of Administrative Remedies per 42 U.S.C. § 1997e(a)

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) has been construed broadly to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," *Porter*, 534 F.3d at 525, and to encompass all inmate suits about both general circumstances and particular episodes of prison life--including incidents of alleged excessive force. *See id.* at 532. Finally, "[t]he 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002).

The State of California provides its prisoners and parolees the right to administratively appeal "any departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the welfare of inmates and parolees." CAL. CODE REGS., tit. 15 § 3084.1(a) (2011). Prior to January 28, 2011, in order to exhaust available administrative remedies within this system, a prisoner would proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. CAL. CODE REGS., tit. 15 § 3084.1(a) (2010). However, in January 2011, the process was changed. Following January 28, 2011, prison regulations no longer required an inmate

1  to submit to informal resolution while the other remaining levels remain the same. CAL.
2  CODE REGS. tit. 15 § 3084.5 (2011).

### C.  Application of 42 U.S.C. § 1997e(a) to Plaintiff's Case

Defendants contend that Plaintiff filed several administrative grievances but failed to properly file any of the appeals or attempt to correct deficiencies in his filings as noted by the responses of the appeals coordinators. Defendants supply the declarations of L.D. Zamora, Chief of the Inmate Correspondence and Appeals Branch [ECF No. 44-2], J. Ramirez, Appeals Coordinator for RJD [ECF No. 44-3], Jodie Rivera, Health Care Appeals Coordinator for RJD [ECF No. 44-4] and J.D. Lozano, Chief of the Office of Appeals [ECF No. 44-5].

As an initial matter, Plaintiff contends that he was not required to exhaust his administrative remedies with regard to his claims brought pursuant to the ADA. (*See* Pl.'s Opp'n to Defs.' Mtn. to Dismiss at 6.) Specifically, Plaintiff argues that because he is "suing under the 'Public Entity" provisions of Title II" of the ADA, he is not required to exhaust his administrative remedies prior to bringing this litigation. (*Id.*) However, the Court agrees with Defendants that Ninth Circuit authority directly contradicts Plaintiff's argument. The Ninth Circuit has held that "exhaustion [pursuant to § 1997e(a)] is required for ADA and Rehabilitation Act claims" brought by inmates. *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060-61 (9th Cir. 2007). The Ninth Circuit recognized that while Title II of the ADA itself did not contain a specific provision requiring administrative exhaustion before filing suit, neither did Title II of the ADA provide for an "exception to the PLRA exhaustion requirement." *Id.* at 1061. Therefore, "the plain language of § 1997e(a) and relevant Supreme Court authority require prisoners bringing ADA and Rehabilitation Act claims to exhaust those claims through available administrative remedies before filing suit." *Id.* at 1062.

As stated above, Defendants have submitted the declarations of several prison officials regarding Plaintiff's attempts to file administrative grievances relating to the claims found in his Second Amended Complaint. Plaintiff has also attached his

grievances that he filed to his Second Amended Complaint and his Opposition. In Plaintiff's declaration in Opposition to Defendants' Motion, he identifies a grievance that he filed on July 6, 2012 as one that addresses the issues found in his Second Amended Complaint. *See* Pl.'s Decl. in Opp'n at ¶ 3. Plaintiff also supplies the grievance as an exhibit to his declaration. *Id.*, Inmate/Parolee Appeal dated July 6, 2012, Log No. RJD-A-12-1926. However, while Plaintiff may have filed this grievance, Defendants have shown that Plaintiff did not properly exhaust his administrative grievances.

In his declaration, J. Ramirez demonstrates that this grievance was initially rejected on September 15, 2012 for "failure to attach supporting documents pursuant to California Code of Regulations, Title 15, § 3084.6(b0(7)." *See* Ramirez Decl, ¶ 7(e), Exhibit "E," Screening letter dated September 15, 2012, Log No. RJD-A-12-01926. Plaintiff continued to submit this grievance and each time his grievance was rejected for failing to comply with the regulations. The declaration of J.D. Lozano indicates that the third and final level of the grievance process never received or considered a grievance arising from the claims made by Plaintiff and which are found in his Second Amended Complaint. *See* Lozano Decl. ¶¶7-8.

Plaintiff filed another grievance relating to the medical issues raised in his Second Amended Complaint on August 14, 2012. *See* Pl.'s Decl. in Opp'n, Patient/Inmate Health Care Appeal dated Aug. 14, 2012, Log No. RJD HC 12046760. This grievance was denied at the first and second level of review by the RJD appeals staff. *See* Rivera Decl. at ¶ 7. In the declaration of L.D. Zamora, he indicates that Plaintiff had failed to submit the denial of these grievances to the third and final level of review. *See* Zamora Decl. at ¶¶ 8-9.

Plaintiff acknowledges that nearly all of his grievances were "screened out" for failing to properly follow the regulations. *See* Pl.'s Decl. in Opp'n at ¶¶ 5-14. As to each time Plaintiff's grievance was rejected, Plaintiff argues that the reason given was an insufficient basis upon which to base the rejection. *Id.* Plaintiff argues in one instance that Defendants' failure to inform him of the specific documents he needed to

1  attach to his grievance failed to comply with their regulations demonstrates that they
2  prevented him from being able to properly exhaust. *Id.* at ¶ 6. However, the regulations
3  guiding the rejection of appeals states that an appeal may be rejected if the "appeal is
4  incomplete or necessary supporting documents are not attached." CAL. CODE REGS., tit.
5  15 § 3084.3(c)(5). Plaintiff was then informed that he must resubmit his appeal with the
6  forms referenced in his grievance and was specifically told to include forms "1845" and
7  "7410." *See* Ramirez Decl., Screening at the First Level, dated September 8, 2012, Log
8  No. RJD-B-12-01842. There is no documentation supplied by Plaintiff to demonstrate
9  that he ever attempted to correct the stated deficiencies of his appeals. Thus, Plaintiff's
10 continued assertions that he was not informed as to how to "fix" the problems with his
11 grievances is not adequately supported by the record.
12     The Supreme Court has made clear that Plaintiff must "properly exhaust" his
13 administrative remedies before filing a prison conditions action. In *Woodford v. Ngo*,
14 548 U.S. 81, 91 (2006), the Supreme Court held that "[p]roper exhaustion demands
15 compliance with an agency's deadlines and other critical procedural rules because no
16 adjudicative system can function effectively without imposing some orderly structure on
17 the course of its proceedings." *Woodford*, 548 U.S. at 91. The Court further held that
18 "[proper exhaustion] means ... a prisoner must complete the administrative review
19 process in accordance with the applicable procedural rules ... as a precondition to bring
20 suit in federal court." *Id.* Here, the Court finds that Plaintiff has failed to submit
21 adequate evidence to rebut Defendants' showing that he failed to properly exhaust his
22 administrative grievances prior to bringing this action.
23     For the reasons set forth above, the Court **GRANTS** Defendants' Motion to
24 Dismiss Plaintiff's Second Amended Complaint for failing to exhaust his administrative
25 remedies as required by 42 U.S.C. § 1997e(a). This dismissal is without prejudice to
26 permit Plaintiff to file a separate action once he has properly exhausted his
27 administrative remedies.
28 //

## IV.

### MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Plaintiff seeks leave to file a Third Amended Complaint and he has supplied the Court with the proposed pleading. [ECF No. 53.] The Court has reviewed Plaintiff's proposed Third Amended Complaint and finds that it fails to overcome the failure to properly exhaust his administrative grievances before filing this action as required by 42 U.S.C. § 1997e(a). Accordingly, Plaintiff's Motion for Leave to File Supplemental Complaint is **DENIED**.

## V.

### CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

(1) **GRANTS** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [ECF Nos. 44, 45] for failure to exhaust his administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a) without prejudice.

(2) **DENIES** Plaintiff's Motion for Leave to File Supplemental Complaint [ECF No. 53].

(3) The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: 5/31/13

HON. WILLIAM Q. HAYES
United States District Judge